IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JULIUS G. SANDERS, #255121, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-816-WHA-SMD |
| ) | [WO] |
| MONICA MCCOY, ) | |
| ) | |
| Defendant. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff Julius G. Sanders, an inmate currently confined at the Easterling Correctional Facility, brings this action under 42 U.S.C. § 1983. (Doc. 1). In his Complaint, Plaintiff challenges the constitutionality and conditions of his confinement, several disciplinary actions imposed upon him, and an alleged incident of sexual abuse. (Doc. 1, pp., 2–3). On November 20, 2020, the undersigned Magistrate Judge found several deficiencies in Plaintiff's Complaint and ordered Plaintiff to file an amended complaint on or before December 9, 2020. (Doc. 6, p. 4). The undersigned explained the deficiencies and instructed Plaintiff as to filing an amended complaint. *Id.* at 2–5. The undersigned also warned Plaintiff that his failure to timely file an amended complaint would result in a recommendation that this case be dismissed without prejudice. *Id.* at 6.

To date, Plaintiff has failed to file an amended complaint. A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); Fed. R. Civ. P.

41(b). The Eleventh Circuit has made clear that "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Here, the undersigned finds that Plaintiff has willfully failed to file an amended complaint despite the Court's November 20, 2020 order. Considering Plaintiff's disregard for orders of this Court, the undersigned further finds that sanctions lesser than dismissal would not better serve the interests of justice. For these reasons, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before **January 19, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 5th day of January, 2021.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE